IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TENIYA ROUSE, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| WAFFLE HOUSE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## FIRST COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Teniya Rouse ("Plaintiff"), by and through undersigned counsel, and files this First Complaint for Damages against Defendant Waffle House, Inc. ("Defendant") under the Americans with Disabilities Act ("ADA"), and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Gregory J. Newman, 5986 Financial Drive, Norcross, Georgia, 30071.

## FACTUAL ALLEGATIONS

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the ADA.

7.

Plaintiff began her employment with Defendant in August 2012 as a server.

8.

Plaintiff suffers from a disability of which Defendant had knowledge at all times relevant. In particular, Plaintiff suffers from a blood clotting condition in her lungs.

9.

In March 2020, the restaurant at which Defendant worked closed due to Covid-19. In the first or second week of June 2020, the restaurant re-opened, and Plaintiff returned to work. In approximately early July 2020, Plaintiff's then manager, Arjay Davis, informed Plaintiff that their the district manager, Greg Burke, had tested positive for Covid-19 on July 7th.

10.

On July 16, 2020, Plaintiff reported for her shift and saw that Burke was working. Plaintiff immediately called Davis and asked why Burke was working and stated she did not feel safe working with him at that time because she was considered high risk due to her health condition. Plaintiff then called Burke from outside the restaurant and told him she did not feel safe working with him since he tested positive and Plaintiff was high risk due to her health condition. Plaintiff requested the day off and said she would report for her next scheduled shift on July 22nd. Burke asked Plaintiff is she was quitting and she told him she was not quitting.

11.

While still outside the restaurant, Plaintiff called Davis to let her know she had not quit and then called the area manager, Jerry Novack. Plaintiff told Novack and explained she was taking the day off because she did not feel safe working with Burke since he had tested positive for Covid-19 and Plaintiff was high risk. Novack stated that if Plaintiff was not going to work, she would be taken off the schedule and terminated.

12.

Any reason given for Plaintiff's termination is pretext for unlawful discrimination and retaliation.

13.

At all times relevant, Plaintiff has suffered from a disability, within the meaning of the ADA. Additionally, Defendant "regarded" Plaintiff as disabled.

14.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, need for reasonable accommodation(s), and/or because Plaintiff engaged in protected activity by seeking a reasonable accommodation for her disability. Any reason given by Defendant for terminating Plaintiff's employment is pretext for unlawful discrimination and retaliation in violation of the ADA.

15.

As a result of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

## CLAIMS FOR RELIEF

## COUNTS I & II

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

## (ADA DISCRIMINATION AND RETALIATION)

16.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

17.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

18.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

19.

At times relevant to this action, Plaintiff has been an individual with a disability as that term has been defined by the ADA.

20.

At times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disability, including at the time of Defendant's termination of Plaintiff.

21.

Plaintiff's disability, request and/or need for a reasonable accommodation were determinative factors in Defendant's decision to terminate Plaintiff.

22.

At all times relevant, Plaintiff could perform the essential functions of her position with, or without a reasonable accommodation.

23.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

24.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disability, request for and/or need for an accommodation, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

25.

In terminating Plaintiff after she sought a reasonable accommodation of time off, Defendant retaliated against Plaintiff in violation of the ADA.

26.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

27.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(c) Punitive damages;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) All equitable relief available under the ADA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

This 1st day of October, 2020.

                              **BARRETT & FARAHANY**

                              s/V. Severin Roberts
                              V. Severin Roberts
                              Georgia Bar No. 940504
                              *Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
Severin@justiceatwork.com